UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VALTEX PROPERTIES LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-CV-1992-B |
| | § | |
| CENTRAL MUTUAL INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Central Mutual Insurance Company's Motion to Dismiss for Failure to State a Claim (Doc. 15). For the reasons set forth below, the Court **GRANTS** Central's motion and **DISMISSES** Plaintiff ValTex Properties LLC's claims brought under Texas Insurance Code §§ 541.060(a)(1), 541.051, 541.052, and 541.061.

## I.

## BACKGROUND[1]

This is an insurance dispute arising from hailstorm damage. ValTex obtained an insurance policy (the "Policy") from Central insuring real and personal property located in Irving, Texas. Doc. 6, Second Am. Compl., ¶ 5. The Policy included hail damage as a covered loss. *Id.* During the policy period, a hailstorm hit the covered property. *Id.* ¶ 6. Upon discovering the damage, ValTex submitted a claim to Central. *Id.* Ultimately, Central rejected coverage for the hailstorm damage based on the presence of pre-existing damage. *See id.* ¶ 8(h).

---

[1] The Court draws the facts from ValTex's second amended complaint (Doc. 6).

Consequently, ValTex filed this action, asserting several claims against Central: (1) a breach-of-contract claim for Central's refusal to cover the damage, *id.* ¶ 17; (2) a declaratory-judgment claim disputing the application of the Policy's appraisal provision, *id.* ¶ 16; and (3) numerous claims under the Texas Insurance Code for Central's conduct during the claim investigation, *see id.* ¶¶ 18–19. Of relevance here, ValTex alleges that during the investigation, Central made several misrepresentations in violation of Texas Insurance Code § 541.060(a)(1). *Id.* ¶¶ 8, 11, 18. Further, ValTex asserts "advertisement" claims under Texas Insurance Code §§ 541.051, 541.052, and 541.061 based on "Central's admission that it collected premiums from [ValTex] for a roofing system which it now asserts has no replacement cost value[.]" *Id.* ¶ 19.

Central now moves to dismiss ValTex's Texas Insurance Code claims premised upon the misrepresentations and advertisement. Because the Court has received all briefing on Central's motion, it is now ripe for review.

## II.

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." *Id.* 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). "The court's review [under Rule 12(b)(6)] is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim *and* referenced by the complaint." *Ironshore Europe DAC v. Schiff Hardin, L.L.P.*, 912 F.3d

759, 763 (5th Cir. 2019) (emphasis added) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (cleaned up).

## III.

## ANALYSIS

Central moves to dismiss ValTex's Texas Insurance Code § 541.060(a)(1) misrepresentation claims, as well as ValTex's advertisement claims brought under Texas Insurance Code §§ 541.051, 541.052, and 541.061. First, the Court analyzes whether ValTex sufficiently pleaded these claims. Concluding that it did not, the Court turns to ValTex's request for leave to amend. Because ValTex does not propose any amendment that would save the claims at issue, the Court denies leave to amend.

A.    *ValTex's Misrepresentation Claims Fail Because They Do Not Fall Within the Scope of § 541.060(a)(1), and ValTex Has Not Relied Upon Any Alleged Misrepresentation.*

Central moves to dismiss all of ValTex's § 541.060(a)(1) misrepresentation claims, which are premised upon post-loss statements. Doc. 16, Def.'s Br., 2–3. Section 541.060(a)(1) provides a cause

of action for "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue[.]" The parties dispute whether, as a matter of Texas law, § 541.060(a)(1) permits recovery for post-loss representations. *See* Doc. 16, Def.'s Br., 3 (citations omitted); Doc. 17, Pl.'s Resp., 2 (citations omitted). But the Court need not decide this issue.

Instead, the Court holds that ValTex fails to state a misrepresentation claim under § 541.060(a)(1) for two reasons. First, none of the alleged misrepresentations are misrepresentations of "a material fact or policy provision relating to coverage at issue . . . ." § 541.060(a)(1). ValTex alleges Central made the post-loss misrepresentations that:

1.   Central's "engineer's position was that the [p]roperty did not suffer damage from the . . . hailstorm";

2.   "[T]he scope of [Central's] engineer's work had changed from determining the causation of the damage to the scope of the necessary repairs";

3.   "[T]he estimate upon which the insurer was relying for the replacement costs for the necessary scope of repairs was higher than the estimate provided by the insured's contractor";

4.   "[T]he damage is 'cosmetic' in nature";

5.   "[C]overage for new damage to the roofing system that occurred during the Policy period is to be treated under the Policy in the same manner as a vehicle that is subject to multiple collisions";

6.   Central wanted to ensure coverage if it was available;

7.   There was no new damage occurring after the Policy went into effect;

8.   ValTex's claim did not trigger coverage because there was "[n]o pecuniary loss as would be required for coverage"; and

9.   Central would send a roofer to the property for the purpose of obtaining an estimate "for use in trying to settle this matter."

Doc. 6, Second Am. Compl., ¶ 8.[2]

None of these statements are misrepresentations of "a material fact or policy provision relating to coverage at issue . . . ." § 541.060(a)(1). Rather, ValTex attempts to use § 541.060(a)(1) as a statutory vehicle for contesting any statement made by Central—but the statute's language is not so broad. Under § 541.060(a)(1), ValTex must specify a misrepresentation that is both: (1) of "a material fact or policy provision," and (2) "relating to coverage at issue." § 541.060(a)(1).

Of the above alleged misrepresentations, the majority—statements 1–4, 7, and 9—fail because they do not relate to the Policy's coverage. *See* § 541.060(a)(1); *see also Overstreet v. Allstate Vehicle & Prop. Ins. Co.*, 2020 WL 6132229, at *3 (N.D. Tex. Aug. 25, 2020) ("Because plaintiff failed to plead facts concerning a statement *about the policy*, his misrepresentation claims should be dismissed for failure to state a claim." (emphasis added)); *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014) ("The misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage.").

Moreover, the claims premised upon the three remaining statements fail, because regardless of whether these statements relate to coverage, they are not misrepresentations of "a material fact or policy provision . . . ." *See* § 541.060(a)(1). The first, regarding Central's comparison of coverage for damage to a car accident, does not mention any statement of material fact or policy provision. Likewise, the second remaining misrepresentation—that Central wanted to ensure coverage if it was available—does not implicate a material fact or policy provision. Finally, the third remaining

---

[2] ValTex also includes several general allegations of misrepresentations, which appear to be related to the specific allegations above. *See id.* ¶ 18. To the extent ValTex intends these allegations to constitute additional misrepresentations, they are wholly conclusory and devoid of factual support, so they fail to state a claim. *See id.*

misrepresentation, that ValTex's claim does not trigger coverage due to the lack of pecuniary loss, does not allege a statement of a material fact or policy provision either—rather, it concerns a "difference of opinion" regarding the extent of damage. *See Taboada v. State Farm Lloyds*, 2020 WL 264688, at *3 (S.D. Tex. Jan. 17, 2020).

In sum, ValTex's § 541.060(a)(1) claims first fail because none of the alleged misrepresentations are of "a material fact or policy provision relating to coverage at issue . . . ." § 541.060(a)(1).

Second, ValTex's § 541.060(a)(1) claims fail because ValTex has not alleged that it relied to its detriment on any of the misrepresentations. A misrepresentation claim under the Texas Insurance Code requires reliance on the misrepresentation to the plaintiff's detriment. *See Provident Am. Ins. Co., v. Castaneda*, 988 S.W.2d 189, 200 (Tex. 1998) (citation omitted); *see also Taboada*, 2020 WL 264688, at *2–3 (explaining that *Provident* "involved claims under" a provision that "was later codified" as Chapter 541 of the Code). Here, ValTex does not allege any reliance to its detriment with respect to the statements at issue. This provides another basis for dismissal of its § 541.060(a)(1) claims.

B.    *ValTex's Advertisement Claims Under §§ 541.051, 541.052, and 541.061 Fail Because ValTex Has Not Alleged Causation or a Statement Appearing Before the Public.*

Next, Central moves to dismiss ValTex's claims under §§ 541.051, 541.052, and 541.061, *see* Doc. 16, Def.'s Br., 3, which are premised upon "Central's admission that it collected premiums from [ValTex] for a roofing system which it now asserts has no replacement cost value . . . ." Doc. 6, Second Am. Compl., ¶ 19. The Court concludes that ValTex fails to state a claim under §§ 541.051, 541.052, and 541.061.

1.      Sections 541.051 and 541.061

Valtex's allegations do not support a claim under § 541.051 or § 541.061. Section 541.051(a)(1) states that those engaged in the insurance business may not "make, issue, or circulate or cause to be made, issued, or circulated [a] . . . statement misrepresenting with respect to a policy issued . . . the terms of the policy" or "the benefits or advantages promised by the policy[.]" Similarly, Section 541.061 prohibits "making an untrue statement of material fact[.]"

The allegation underpinning ValTex's §§ 541.051 and 541.061 claims does not mention a misrepresentation. *See* Doc. 6, Second Am. Compl., ¶ 19. Rather, the claims are premised upon "Central's admission that it collected premiums from" ValTex. *See id.* For this reason alone, ValTex's §§ 541.051 and 541.061 claims fail. *See* § 541.051(a)(1) (requiring a misrepresentation about "a policy issued"); § 541.061 (requiring "an untrue statement of material fact").

Moreover, to the extent ValTex attempts to characterize the misrepresentations discussed above, *see supra* Section III.A.,  as supporting claims under §§ 541.051 and 541.061, *see* Doc. 17, Pl.'s Resp., 3–4, this argument fails. "To recover under §§ 541.051 and 541.061 for the alleged misrepresentation, [the plaintiff] must prove that it was a producing cause of damages." *Nunn v. State Farm Mut. Auto. Ins. Co.*, 729 F. Supp. 2d 801, 813 (N.D. Tex. 2010) (citations omitted); *see, e.g.*, *Partain v. Mid-Continent Specialty Ins. Servs., Inc.*, 838 F. Supp. 2d 547, 558 (S.D. Tex. 2012) ("While positions expressed in the alleged misrepresentations . . . may be a producing cause of Plaintiffs' injury, there is no allegation that [Defendant's] *representations* of these positions resulted in reliance or harmed Plaintiffs in any way." (emphasis in original)). Here, ValTex has not alleged how any of the misrepresentations caused its damages—indeed, as explained above, ValTex has not alleged any

reliance on them. *See supra* Section III.A. Consequently, ValTex fails to state a claim under §§ 541.051 and 541.061.

    2.    <u>Section 541.052</u>

Finally, ValTex does not state a claim under § 541.052. Section 541.052 "applies to an advertisement, announcement, or statement made, published, disseminated, circulated, or placed before the public[.]" § 541.052(b). ValTex has not alleged that Central made any statement "before the public." *See id.*; *see also Anderson v. Zurich Am. Ins. Co.*, 2009 WL 540795, at *7 (S.D. Tex. Mar. 4, 2009). As a result, ValTex's § 541.052 claim fails.

C.    *The Court Denies ValTex Leave to Amend.*

In its response, ValTex requests leave to amend its complaint if the Court finds its allegations insufficient. Doc. 17, Pl.'s Resp., 5. The Court denies this request. ValTex "did not explain how amendment would improve [its] complaint" or "describe [its] proposed amended complaint . . . ." *Young v. U.S. Postal Serv. ex rel. Donahue*, 620 F. App'x 241, 245 (5th Cir. 2015) (per curiam). "Denial of leave to amend is appropriate where there in no indication that the amendment would cure the defects in a complaint." *Id.* (citations omitted). Given that the Court lacks any such indication here, it **DENIES** leave to amend.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Central's motion to dismiss (Doc. 15) ValTex's § 541.060(a)(1) misrepresentation claims and §§ 541.051, 541.052, and 541.061 advertisement claims. Thus, the Court **DISMISSES** these claims **WITH PREJUDICE**.

SO ORDERED.

SIGNED: November 18, 2020.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE